UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael CARTER, | Case No.: 3:17-cv-1833-JAH-AGS |
| Plaintiff, | **REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 3) AND SCHEDULE A HEARING** |
| v. | |
| Daniel PARAMO, et al., | |
| Defendants. | |

Prisoners must exhaust administrative remedies before filing a civil rights suit. *See* 42 U.S.C. § 1997e. Plaintiff claims that, due to a head injury, he could not timely do so. The Court recommends defendants' motion for summary judgment be denied. A factual dispute exists as to the severity and impact of plaintiff's head injury and whether it affected his mental faculties to the degree his tardy grievance should be forgiven. It further appears an evidentiary hearing is necessary to address the exhaustion issue.

## BACKGROUND

### A. Injury and Initial Appeal

Michael Carter, an inmate at Donovan Correctional Facility, alleges he worked as a confidential informant (C.I.) and provided information to the prison's Investigative Services Unit regarding illegal activities. (ECF No. 3-1, at 21-23.) Apparently, Carter's C.I. activities were discovered and Carter was blackmailed by a fellow inmate, Baldwin. (*Id.*) Carter reported his safety concerns to defendants. (*Id.*) Defendants allegedly did

1

nothing in response to Carter's concerns, and, on July 4, 2014, Carter was attacked by Baldwin and hospitalized with a head injury. (*See* ECF No. 1-14.)

On August 9, 2014, Carter submitted an initial appeal to the Donovan inmate appeals office, discussing the July 4 incident and requesting an investigation into the matter. (*See* ECF No. 3-1, at 21-23.) Inmates may "appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2018). The inmate appeal process consists of three phases: "(1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee." §§ 3084.7, 3084.8. California prisoners must appeal a "specific issue" within 30 calendar days and explain "the relief requested." §§ 3084.2(a), 3084.8(b).

On August 15, 2014, the appeals office canceled the initial appeal because it was filed late. (ECF No. 3-1, at 8.) Carter admits his initial appeal was untimely, but contends it was tardy due to his head injury. (*Id.*) Defendants argue Carter is exaggerating the impact of the injury because in the time between the injury and the appeal, Carter was seen by a registered nurse on numerous occasions, submitted a Health Care Services Request Form, and responded in writing and in person to a Rules Violation Report. (*See* ECF No. 3-1, at 7-9.) Carter responds that (1) he was in a great deal of pain and the nurse did not see him walk; and (2) that he was only able to submit the Health Care Services Request Form, appear at the Rule Violations Report, and file the appeal with the help of his cellmate. (ECF No. 8, at 6-7.)

**B. Additional Appeals**

Carter next alleges he appealed the cancellation of the August 9 appeal, but was told by the appeals department that they never received it. (ECF No. 8, at 7.) Months later, on November 7, 2014, Carter filed a second appeal, which was canceled on November 24, 2014, due to untimeliness. (ECF No. 3-1, at 8-9.) Carter also appealed that cancelation, but

2

it was rejected for failing to attach a copy of the November 7, 2014 appeal. (ECF No. 3-1, at 9-10.)

## DISCUSSION

"No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2013). An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citing Cal. Code Regs. tit. 15, § 3084.3(c)(6)).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Albino* 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted."). Courts must "view the evidence in the light most favorable to the nonmoving party." *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). Additionally, "[w]hen the nonmoving party is proceeding pro se, the court has a duty to consider 'all of [the nonmovant's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence . . . .'" *Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004) (citations and quotations omitted).

In their motion for summary judgment, defendants argue that Carter failed to exhaust administrative remedies because his appeals were (1) untimely and (2) failed to name all defendants.

### A. Timeliness

#### 1. Initial Appeal

Carter admits his August 9, 2014 appeal was untimely, but claims he was unable to timely submit the appeal due to his head injury. (ECF No. 3-1, at 3, 21-23.)

3

A number of courts—including courts within the Ninth Circuit—have recognized that an administrative remedy can be "effectively unavailable" when: "(1) an inmate's untimely filling of a grievance is because of a physical injury, and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003); *see also Hemphill v. New York,* 380 F.3d 680 (2d Cir. 2004) ("[T]he court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements."); *Barretto v. Smith,* No. CIV S–07–1544, 2009 WL 1271984, at *6 (E.D. Cal. Mar. 6, 2009) (plaintiff claimed to be medically unable to file an internal grievance, and defendants did not prove failure to exhaust); *Macahilas v. Taylor*, No. CIV S-06-0502, 2008 WL 220364, at *8 (E.D. Cal. Jan. 25, 2008) ("On the record before the court . . . it is reasonable to conclude plaintiff's illness and its after effects were responsible for plaintiff's inability to file his grievance in a timely fashion.").

Although defendants dispute the existence and/or seriousness of Carter's head injury, if Carter's allegations are true, it could qualify as a physical injury which prevented him from timely filing, i.e. if Carter's evidence about the injury was believed by a fact finder. *See Greenup v. Lee,* No. 13–0392, 2014 WL 471715, at *4 (W.D. La. Feb. 5, 2014) (holding physical incapacity from a fractured skull after being attacked tolled plaintiff's time limit for filing a grievance). Thus, summary judgment due to failure to exhaust is inappropriate at this time.

## 2. Subsequent Appeals

If the first level appeal is "denied or not otherwise resolved to the appellant's satisfaction," the prisoner must "within 30 calendar days . . . upon receiving unsatisfactory departmental response," seek a second level of administrative review. Cal. Code Regs. tit. 15, § 3084.7(b). Carter attempted to file a subsequent appeal on November 7, 2014. (ECF No. 3-1, at 8-9.) That appeal was not filed within 30 days of the August 9 submission. Carter, however, claims he submitted an earlier appeal (the "lost appeal") at some point between the August 9 and the November 7 appeal. (*See* ECF No. 8, at 3 n.1.) The record is

unclear whether the missing appeal was timely, but lost by the prison. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) ("Administrative remedies will be deemed unavailable and exhaustion excused if . . . the prison improperly processed an inmate's grievance."). It is also possible that the "lost appeal" was never filed by Carter, but at this stage Carter's statement that he did file such an appeal must be accepted. *See Albino*, 747 F.3d at 1173. In either event, disputed facts about the appeal of the step one grievance render summary judgment inappropriate.

### 3. Evidentiary Hearing

If "summary judgment is not appropriate," as to exhaustion "the district judge may decide disputed questions of fact in a preliminary proceeding." *Albino*, 747 F.3d at 1168. Defendants ask that the Court conduct an evidentiary hearing "on the papers." (ECF No. 3.) However, it is only in "rare instances . . . that credibility may be determined without an evidentiary hearing" and this is not one of them. *Earp v. Ornoski*, 431 F.3d 1158, 1169-70 (9th Cir. 2005). An evidentiary hearing allows "the finder of fact to see the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice." *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995). Due to the questions of fact regarding Carter's head injury and its effect on exhaustion, the Court recommends that the matter be referred back to this Court to hold an *Albino* evidentiary hearing on the issue of timeliness.

### B. Unnamed Defendants

Defendants next argue Carter failed to specifically name all of the defendant's in his various appeals. A prison's grievance procedure determines the level of detail an inmate must include to exhaust a claim. *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2006). In California, all staff members and their involvement in the issue must be described. Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide all available information to assist the appeals coordinator in identifying the staff member in question. *Id.* Carter's August appeal listed Benyard, Davis, and Galvan's involvement in the July 4,

2014 incident. (ECF No. 3-1, at 12.) At the time, Benyard was the Facility C Captain, Davis was Carter's C.I. officer contact, and Galvan was the building officer who was notified of Carter's safety concerns. (ECF No. 1-1, at 33-4.) The November 7 appeal only mentioned Davis and Hernandez's involvement. (ECF No. 3-1, at 12.) At the time, Hernandez was a Sergeant Officer and Carter claims he addressed his safety concerns with him in an interview with him. (ECF No. 1-1, at 33.) Paramo and Johnston were never mentioned. (*See* ECF No. 3-1.) However, Paramo attended the October 31, 2013, Institutional Classification Committee where Carter addressed his safety concerns, and Johnston was Carter's case counselor with whom he discussed his safety concerns. (ECF No. 1-1, at 33.) Carter does not explicitly state he could not comply with the rules and provide all of the necessary names due to his head injury, but in light of his pro se status it is a reasonable inference that he could not do so due to the injury. *See Greenup*, 2014 WL 471715, at *4. Also, the content of the lost appeal is unknown, so it is possible other defendants may have been named in that appeal. Thus, the Court recommends denying summary judgment and ordering the parties to be prepared to supplement the record as to these issues at the *Albino* hearing.

## CONCLUSION AND RECOMMENDATION

Because there are disputed issues of material fact, the Court recommends denying defendants' motion for summary judgment. The Court recommends the issue of exhaustion of administrative remedies be referred back to this Court for an *Albino* hearing. The parties may file written objections within 14 days of service of this report. Failure to file objections may result in a waiver of those objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: August 16, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE