UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARTER,<br><br>　　　　　　　　Plaintiff,<br>v.<br>DANIEL PARAMO, et al.,<br>　　　　　　　　Defendants. | Case No.: 3:17-cv-1833-JAH-AGS<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE;**<br><br>**(2) SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS;**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br><br>**(4) SCHEDULING EVIDENTIARY HEARING ON THE ISSUE OF EXHAUSTION** |

**<u>INTRODUCTION</u>**

Pending before the Court is C. Hernandez, T. Johnson, G. Galvan, G. Hernandez, C. Davis, D. Paramo, and E. Baynard's (collectively "Defendants") Motion for Summary Judgment. [Doc. No. 3]. The Honorable Clinton E. Averitte, United States Magistrate Judge, issued a report and recommendation ("Report") recommending the Court deny Defendants' motion and order the parties to supplemental the record through an Albino hearing. See Doc. No. 10. After careful consideration of the pleadings, and for the reasons set forth below, this Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Report and Recommendation of the magistrate judge; **SUSTAINS** in part and **OVERRULES** in part Defendants' objections; **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment [Doc. No. 3]; and schedules an evidentiary hearing to resolve factual questions pertaining to exhaustion of administrative remedies.

## BACKGROUND

Michael Carter ("Plaintiff") an inmate at Donovan Correctional Facility, alleges that he has been a confidential informant for the prison's Investigative Services Unit. See Doc. No. 1–14. Plaintiff states that his informant status was discovered by Baldwin, a fellow inmate, who threatened to blackmail and physically assault him. Id. Plaintiff further alleges that he discussed his safety concerns with Defendants who did nothing in response, and on July 4, 2014, Plaintiff was physically attacked by Baldwin and hospitalized with a head injury. Id. On August 9, 2014 Plaintiff submitted an initial appeal to Donovan's inmate appeals office regarding the July 4th assault and requested the prison conduct an investigation. See Doc. No. 8, pg. 34, ¶ 7. On August 15, 2014, the appeals office canceled, or "screened out," Plaintiff's appeal because it was not submitted within thirty days of the alleged incident. Id. Plaintiff alleges that he appealed the cancellation of his initial appeal. Three months later the appeals department notified him that the initial appeal was never received by its office. Id. at ¶ 10. On November 7, 2014, Plaintiff filed a second appeal, which was deemed to be untimely and cancelled on November 24, 2014. See Doc. No. 8, pg. 46. Finally, Plaintiff appealed the November 24, 2014 cancellation but it was rejected for failing to attach all necessary documentation. Id. at pg. 49.

2

On August 5, 2015, Plaintiff, proceeding *pro se*, filed an action in the Superior Court of California, County of San Diego alleging Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution. See Doc. No. 1–14. On September 8, 2017 the matter was removed to this Court. See Doc. No. 1. On September 18, 2017, Defendants filed a motion for summary judgment. Plaintiff filed an opposition, and Defendants filed a reply. See Doc Nos. 3, 8, 9. The magistrate judge issued a Report recommending this Court deny Defendants' motion for summary judgment, finding that a "factual dispute exists as to the severity and impact of plaintiff's head injury and whether it affected his mental faculties to the degree his tardy grievance should be forgiven." Doc. No. 10. Defendants timely filed objections to the magistrate judge's Report. See Doc. No. 11.

## LEGAL STANDARD

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report . . . to which an objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See Fed.R.Civ. P. 72(b). It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

## DISCUSSION

In their motion for summary judgment, Defendants argue that Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). See Doc. No. 3–1. Specifically, Defendants contend that Plaintiff failed to exhaust all three levels of appeals despite the opportunity to do so and, regardless, Plaintiff's initial appeal was untimely. Id.

3

Additionally, Defendants argue that summary judgment is appropriate as to the Defendants who were not named in either of the appeals filed by Plaintiff. Id. These arguments will be addressed in turn below.

### i. Exhaustion of Administrative Remedies

The Report comprehensively analyzes whether the timeliness of Plaintiff's initial grievance should be excused due to the traumatic head injury he claimed to have suffered. However, the Report fails to analyze whether Plaintiff sufficiently exhausted all available remedies regardless of whether his initial untimely grievance was excusable. The magistrate judge determined such an analysis would be superfluous in that "disputed facts about the appeal [at] step one [] render summary judgment inappropriate." Doc. No. 10, pg. 5. Defendants object to such a finding, arguing that no evidence has been presented indicating that Plaintiff was prevented from pursuing administrative remedies through the third level of appeal. See Doc. No. 11, pg. 7. Defendants' objection is **SUSTAINED**. The Court disagrees with the Report that factual disputes pertaining to the initial grievance terminate Plaintiff's obligation to extinguish all administrative remedies. The Court will conduct such an analysis in this order.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (quotation marks omitted)). The burden then shifts to

4

Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted)). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

California state prison inmates are required to complete three levels of appeals to exhaust all available administrative remedies: the first level of review by an appeals officer; the second level of review by the institution head or designee; and the third level of review by the Chief of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Inmates must submit their initial appeal within 30 calendar days of "[t]he occurrence of the event or decision being appealed, or ... first having knowledge of the action or decision being appealed." Id. at § 3084.8(b). Inmates must also submit their appeals to higher levels of review within 30 calendar days of receiving the first or second-level appeal decision. See id. Only a third-level decision exhausts all available administrative remedies, while a cancellation or rejection of the third-level appeal is not exhaustive. Id.

As discussed above, Defendants argue they are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies. See Doc. No. 3 – 1, pg. 13. In support of their argument, Defendants submit a declaration from B. Self ("Self"), the Appeals Coordinator at Donovan whose office receives all first and second level inmate appeals. See Doc. No. 3–2. ¶ 1. Self explains that all appeals received by the appeals office are assigned a log number for tracking purposes, even if they are later rejected or cancelled. After being assigned a log number, the appeal is entered into the prison's computer system. Id., ¶ 3. If an inmate appeal does not comply with appeals regulations, the appeals coordinator either rejects or cancels the appeal pursuant to Cal. Code Regs. 21 tit. 15, § 3084.6. Id., ¶ 4. If an inmate appeal is rejected, the appeal is returned to the inmate with a letter explaining the deficiency in the appeal and giving the inmate an opportunity to correct the deficiency if possible. Id. A cancelled appeal, by contrast, informs the inmate

5

that his appeal has been cancelled and may not be resubmitted; a separate appeal, however, can be filed on the cancellation decision. Id.

Self conducted a thorough search of the appeals office records and determined Plaintiff filed the following appeals with his office. Id. ¶ 7. Plaintiff filed his initial grievance on August 12, 2014 and it was assigned Appeal Log No. RJD-B-14-02885 ("2885 Appeal"). Id., ¶ 8a. On August 15, 2014 the Appeals office cancelled the 2885 Appeal due to its untimeliness pursuant to California Code of Regulations title 15, § 3084.6(c)(4).[1] Id. The next appeal the appeals office received from Plaintiff was on November 17, 2014, assigned Appeal Log No. RJD-B-14-04141 ("4141 Appeal"), which alleged the same conduct as the 2885 Appeal. Id., Ex. 2. On December 15, 2014, the appeals office cancelled this appeal finding it untimely on similar grounds. Id., ¶ 8b. On December 26, 2014, the Appeals office received an appeal from Plaintiff appealing the cancellation of the 4141 Appeal. Id., ¶ 8c. This appeal was assigned Appeal Log No. RJD-B-15-00131 ("131 Appeal"). Id. On January 14, 2015 the 131 Appeal was rejected and returned to Plaintiff because it was missing supporting documents that were required. Id. Plaintiff was sent a screening notice informing him that he needed to provide the original cancelled appeal and could resubmit the appeal within the time frames specified in CCR 3084.6. Id., Ex. 3. The appeals office received nothing further from Plaintiff concerning the 131 Appeal.

Based on this presentation of evidence, Defendants have adequately shown that there were available administrative remedies that Plaintiff did not fully exhaust. Particularly because the evidence shows that the appeals department informed Plaintiff of their decision to reject the 131 Appeal, and provided instructions on how to properly remedy the deficiencies. The obligation to exhaust "available" remedies persists as long as some

---

[1] An appeal that is rejected pursuant to subsection 3084.6(b) may later be accepted if the reason noted for the rejection is corrected and the appeal is returned by the inmate or parolee to the appeals coordinator *within 30 calendar days of rejection*. Cal. Code Regs. tit. 15, § 3084.6 (emphasis added).

remedy remains "available." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). As such, the burden shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1166.

In opposition, Plaintiff presents evidence, via a sworn declaration, that he "appealed the cancellation of the [2885 Appeal] and attached the original," but never heard from the appeals department for three months regarding that appeal. Doc. No. 8, ¶ 10. Plaintiff states he contacted the appeals coordinator who notified him that the appeals department never received his appeal. Id. Plaintiff claims this appeal was lost in the "institutional mail" and it took him "almost a year to recover that lost appeal" from prison officials.[2] Id. Plaintiff acknowledges that the appeals office requested the "original appeal" after rejecting his 131 Appeal, but Plaintiff claims that it had been "lost in the institutional mail," and upon requesting a copy from the appeals department he did not receive it until almost a year later. Id.

Plaintiff primarily relies upon Marella v. Terhune, 568 F.3d 1024, 1026 (9th Cir. 2009) and Nunez v. Duncan, 591 F.3d 1217, 1218 (9th Cir. 2010) to assert that an exception to the exhaustion requirement applies in this case. In Marella, the Ninth Circuit held that a prisoner was not required to "exhaust further levels of review once he [had] . . . been reliably informed by an administrator that no remedies are available." Marella, 568 F.3d at 1027. Plaintiff's reliance on Marella is unavailing, because here, unlike in Marella, Plaintiff was informed that he could appeal the cancellation of his appeal, and that appeal was only rejected because he failed to provide all necessary documentation. Furthermore, the appeals department informed Plaintiff that he could refile his rejected appeal within thirty days so long as he attached the requested documents. It is clear that additional levels of review remained available to Plaintiff.

---

[2] The Court notes, however, that Plaintiff did not submit this "lost appeal" to the Court.

7

What is unclear, however, based on the evidence presented to this Court in the papers, is whether Plaintiff took reasonable and appropriate steps in a good faith effort to exhaust his grievances, but was precluded from exhausting through no fault of his own. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). Plaintiff claims that he appealed the cancellation of the 2885 Appeal, wherein he attached the original copy of the 2885 Appeal, but both documents were lost in institutional mail. Doc. No. 8, ¶ 10. Plaintiff contends that the appeals department then rejected his 131 Appeal because the original copy of his 2885 Appeal needed to be attached. Id. There is apparent confusion as to which "original appeal" the appeals department requested. Plaintiff seems to believe that the appeals department was requesting an original copy of the 2885 Appeal, while Defendants argue that the letter is requesting an original copy of the 4141 Appeal. Regardless, the letter states that Plaintiff could obtain "copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor." Doc. No. 8, pg. 49. Plaintiff claims that he "requested a copy of the [original 2885 Appeal that the appeals office] had on file but didn't receive it until almost a year later." Id., pg. 35. The Court concludes there is a factual dispute precluding summary judgment concerning whether Plaintiff took reasonable steps to exhaust, but was precluded from exhaustion due to lost mail and a failure of the appeals department to timely provide requested documents.

### ii. Timeliness of Plaintiff's Initial Grievance

Defendants next argue that Plaintiff failed to exhaust administrative remedies because his initial grievance was untimely. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93. Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings. Woodford v. Ngo, 548 U.S. 81, 90–91 (2006).

It is undisputed that Plaintiff's initial August 9, 2014 grievance was untimely because it was submitted to the appeals coordinator at Donovan more than thirty calendar

8

days after the asserted July 4, 2014 assault. See Doc. No. 3–1, pg. 17 (citing Cal. Code Regs. tit. 15, § 3084.8(b). Plaintiff acknowledges that his initial appeal was untimely but argues that his injury qualifies as a "special circumstance" because his "severe skull fracture . . . impaired [his] cognitive thinking skills for numerous months." Doc. No. 8, pg. 11. In a sworn declaration filed in opposition of Defendants' motion for summary judgment, Plaintiff stated that as of August 9, 2014 he was still "recovering from a serious cranium injury, which impaired [his] cognitive thinking skills" and was only able to submit the tardy grievance with the "assistance of [his] cellmate Erin Sutton." Doc. No. 8, pg. 34–35.

In the Report, the magistrate judge acknowledged that certain circumstances, such as a serious head injury, may justify a tardy grievance. See Doc. No. 10. The magistrate judge noted that courts have previously found administrative remedies are unavailable when "(1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003) (also citing Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004); Barretto v. Smith, No. CIV S–07–1544, 2009 WL 1271984, at *6 (E.D. Cal. Mar. 6, 2009); Macahilas v. Taylor, No. CIV S-06-0502, 2008 WL 220364, at *8 (E.D. Cal. Jan. 25, 2008)). Ultimately, the magistrate judge found that a genuine factual dispute existed as to Plaintiff's head injury and whether this injury prevented him from timely filing his grievance. See Doc. No. 10, pg. 4. The magistrate judge determined that if Plaintiff's evidence of cognitive impairment was believed by a fact finder it would qualify as an injury which would provide for a tolling of the administrative requirements. Id. (citing Greenup v. Lee, No. CIV.A. 13-0392, 2014 WL 471715, at *4 (W.D. La. Feb. 5, 2014)). As such, the magistrate judge recommended that this Court deny Defendants' motion for summary judgment.

Defendants filed an objection to this portion of the Report. Defendants argue that Plaintiff's "self-serving" declaration is unable to create a triable issue of fact that his head injury prevented him from timely filing his grievance. See Doc. No. 11, pg. 2. Defendants

further argue that Plaintiff's claims of cognitive impairment is "so blatantly contradicted by the record" such that no reasonable fact finder could possibly believe it. Id. at pg. 3 (citing Scott v. Harris, 550 U.S. 372, 380–81 (2007).

Defendants summarize the evidence in the record demonstrating Plaintiff's medical condition following the July 4, 2014 assault. This evidence includes visits from a registered nurse on July 5, 2014 who found Plaintiff to be "alert and orientated," and July 6, 2014 where Plaintiff was found to be alert, orientated, and ambulating. See Doc. No. 3–1, pgs. 23, 27. On July 7, 2014 Plaintiff submitted a Healthcare Services Request Form requesting stronger medicine because "[t]he medication I'm on for pain is not working." Id. at pg. 29. A registered nurse responded to this request and noted that Plaintiff was able to walk, ask questions, and understood information. Id. Plaintiff was visited by registered nurses on July 8, 2014 and July 9, 2014 who noted, among other things, Plaintiff ambulated, asked questions, and summarized information. Id. at pgs. 31, 43. On July 24, 2014, Plaintiff appeared for a hearing regarding a rules violation for possession of morphine, which was found on his person after the July 4, 2014 assault. See Doc. No. 3–1, pgs. 46–53. The officer conducting the hearing recorded that Plaintiff "was able to articulate a clear understanding of the charges" and was able to "read the contents of the [rules violations report] and . . . verbally articulate his comprehension of the circumstances." Id. Finally, Defendants presented evidence of a July 9, 2014 phone call between Plaintiff and Officer Davis, which was recorded and later transcribed. See Doc. No. 9, pgs. 14–23. Defendants argue that Plaintiff demonstrated his cognitive functioning by articulating what occurred on July 4, 2014, the injuries suffered, and potential penalties for being found in possession of morphine. See Doc. No. 11, pg. Defendants argue that this evidence so blatantly contradicts Plaintiff's "conclusory, self-serving declaration" such that Plaintiff is unable to create a genuine issue of material fact.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed.R.Civ.P. 56(c). "The evidence of the non-movant is to be believed, and all

justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Defendants argue that Plaintiff's self-serving affidavit is insufficient to create a genuine issue of material fact as to the severity of Plaintiff's head injury. This Court disagrees. First, a plaintiff can defeat summary judgment by filing a declaration that contradicts the defendant's contentions. See Leslie v. Grupo ICA, 198 F.3d 1152, 1159 (9th Cir.1999). Second, declarations submitted by a party are often times self-serving, "[a]nd properly so, because otherwise there would be no point in [a party] submitting [them]." United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir.1999). Only in certain instances—such as when a declaration "state[s] only conclusions, and not 'such facts as would be admissible in evidence,'"—can a court disregard a self-serving declaration for purposes of summary judgment. Id. (quoting Fed. R. Civ. P. 56(e)).

Plaintiff declares that he was struck numerous times in the head and face with a rock rendering him unconscious. Doc. No. 8, ¶¶ 2–3. Plaintiff alleges the following injuries resulting from the assault: fracture to the right orbital wall; fractures of the bilateral nasal bones; fracture of the anterior nasal septum with small associated hematoma; commotion retinae of the right eye due to blunt force trauma; lip laceration; cheekbone and eyebrow laceration; and a concussion. Id. at ¶ 4.[3] Plaintiff asserts that he had to undergo reconstructive surgery as a result of these injuries, including nasal fracture repair surgery in January of 2015 and orbital wall repair surgery in March of 2015. Id. at ¶ 14. Plaintiff further declares that he now suffers from permanent post-traumatic facial neuralgia and will be forced to take medication for the duration of his life. Id. at ¶ 18. Plaintiff avers that he was only able to file his grievance on August 9, 2014 with the assistance of his cell

---

[3] Plaintiff requests the Court take judicial notice of the facts in his declaration, including the severity of his injuries. See Doc. No. 8, pg. 7, fns. 1, 2. The Court **DENIES** this request in that the facts in his declaration are not generally known within the territorial jurisdiction of the Court and cannot be accurately and readily determined by any source of record whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201.

mate, Erin Sutton, because at the time he was still recovering from a serious cranium injury which impaired his cognitive thinking skills. Id. at ¶¶ 7, 8.

Third, Plaintiff's opposition is not based upon his declaration alone. Plaintiff does state in the recorded telephone conversation with Officer Davis that he was scheduled for "reconstructive surgery on [his] nose and [his] cheek bone," stiches were removed from his face on the day of the call, and he stated that he was "kind of forgetful . . . [about] stuff." Doc. No. 9, pg. 17. In addition, Plaintiff submitted a partial declaration from inmate Erin Sutton,[4] supporting his declaration that he was unable to file a grievance on his own. Taking all of this evidence as true, and drawing all reasonable inferences therefrom, Plaintiff's declaration provides sufficient facts to support his conclusion that he suffered, and thus was still recovering from, a serious cranium injury. This Court agrees with the magistrate judge's finding that a genuine issue of material fact exists regarding exhaustion, rendering summary judgment inappropriate at this time. Accordingly, Defendants' objection is **OVERRULED**.

### iii. Evidentiary Hearing

The issue of "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." Albino, 747 F.3d at 1170. Therefore, as is the case here, when summary judgment is not appropriate as to the issue of exhaustion, the district judge should hold an evidentiary hearing to decide disputed questions of fact "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at pg. 1168. Defendants request the Court conduct an evidentiary hearing "on the papers." See Doc No. 3. However, as the magistrate judge noted, Plaintiff's credibility will be of significant importance to the Court and "[i]t is only in rare instances . . . that credibility may be determined without an evidentiary hearing." Earp v. Ornoski, 431 F.3d 1158, 1169–70 (9th Cir. 2005). One of the primary purposes of an evidentiary hearing is

---

[4] Plaintiff submitted a signed declaration of Erin Sutton, however the Court notes that the second page of the declaration was either not submitted or otherwise missing.

12

to "enable [] the finder of fact to see the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice," United States v. Mejia, 69 F.3d 309, 315 (9th Cir. 1995), thereby assisting the finder of fact in evaluating witness credibility. Id. Accordingly, an evidentiary hearing will be held before this Court to determine whether Plaintiff "fully" and "properly" exhausted all available administrative remedies or is excused for failing to do so.

### iv. Defendants not named in Plaintiff's appeals

Defendants' final argument concerns the Defendants who were not named in either grievance filed by Plaintiff, specifically D. Paramo, C. Hernandez, and T. Johnson. See Doc. No. 3–1, pg. 17. Defendants contend that California inmate regulations require inmates to "list all staff member(s) involved and shall describe their involvement in the issue . . . [or] [i]f the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Cal. Code Regs. tit. 15, § 3084.2(a)(3). In the Report, the magistrate judge acknowledges that Plaintiff never explicitly states that he could not provide all necessary names due to his head injury but makes a reasonable inference that his injury prevented him from doing so. See Doc. No. 10, pg. 6. The magistrate further notes that the content of the lost appeal is unknown and it is possible other Defendants could be named in that appeal. Id.

Defendants object to this determination, and the Court **SUSTAINS** that objection. The Court finds that Plaintiff provided no evidence that his failure to provide the names of all Defendants in his grievances was due to his alleged injury. Moreover, Plaintiff presented no evidence that additional Defendants were included in the lost appeal. Plaintiff was required to abide by Cal. Code Regs. tit. 15, § 3084.2(a)(3) in order to properly exhaust administrative remedies, his failure to do so bars federal review as to those Defendants not named. See Ngo, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceedings."); see, e.g., Martinez v. Swift, 2015 WL 1349525, *2 (N.D.Cal. 2015) (Seeborg, J.) (granting summary judgment for non-exhaustion because the grievance "does not mention [defendant], or describe with any specificity his actions or words" and therefore did not comply with § 3084.2(a)(3)); Panah v. State of Cal. Dep't of Corr. and Rehabilitation, 2015 WL 1263494, *9–*10 (N.D.Cal. 2015) (Freeman, J.) (even if plaintiff's failure to pursue inmate appeal to highest level is excused, he failed to properly exhaust his claim against the warden because his inmate appeal did not name the warden or describe the basis for his liability); Gray v. Smith, 2015 WL 875482, *2–*3 (N.D.Cal. 2015) (Alsup, J.) (granting summary judgment for non-exhaustion where inmate appeal described an incident at the prison but did not name the warden and did not describe a widespread practice or that the warden knew of the incident and failed to stop it). Accordingly, Defendant's motion for summary judgment is **GRANTED** as to Defendants D. Paramo, C. Hernandez, and T. Johnson.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS IN PART** and **DECLINES TO ADOPT** in Part the Report and Recommendation of the magistrate judge [Doc. No. 10];
2. **SUSTAINS** in part and **OVERRULES** in part Defendants' objections thereto, as set forth above;
3. Defendants' Motion for Summary Judgment [Doc. No. 3] is **GRANTED in part** and **DENIED in part**;
    a. Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims against Defendants Paramo, C. Hernandez, and Johnson;
    b. Defendants Motion for Summary Judgment is **DENIED** in all other respects**;**

14

4. The Parties are ordered to appear for an evidentiary hearing **on December 3, 2018, at 2:30 p.m.**, before this Court;[5]
5. It is further **ORDERED** that Pleasant Valley State Prison officials shall transport Plaintiff to the court and provide security during the evidentiary hearing;
6. It is further **ORDERED** that the entirety of Plaintiff's medical records shall be made available to the Court for its consideration during the hearing.

**IT IS SO ORDERED.**

DATED: September 25, 2018

JOHN A. HOUSTON
United States District Judge

---

[5] The Court will entertain live testimony from Plaintiff but not from any other inmate. Any other inmate evidence must be submitted by declaration. Should Plaintiff possess a complete copy of Erin Sutton's declaration Plaintiff shall submit it to the Court prior to the evidentiary hearing.